UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

JAMES L. SCAGGS,

          Plaintiff,

v.                                    Civil Action No. 2:14-cv-19304

UNITED STATES OF AMERICA,

          Defendant.

MEMORANDUM OPINION AND ORDER

          Pending is defendant's motion for summary judgment,
filed April 21, 2015.

I.

          On April 16, 2012, plaintiff James Scaggs entered the
main entrance of the United States Postal Service ("USPS")
office building in Peach Creek, West Virginia to obtain any mail
or packages that had arrived for him.  (Compl. ¶¶ 6-7.)
Plaintiff had multiple packages waiting for him, one of which he
picked up with both hands and carried out of the building.
(Def.'s Mot. Summ. J. Ex. 1, Pl.'s Dep. 6:1-18, Mar. 17, 2015.)
After he took a few steps out of the main entrance, plaintiff's

left foot struck a flower pot[1] that was situated on the sidewalk just outside the door.  (<u>Id.</u> at 6:18-24, 24:10-16; Def.'s Mot. Summ. J. Ex. 6.)  Plaintiff claims he did not see the flower pot due to the size of the box he was carrying; and, in raising his foot to avoid the obstruction, he stepped in the pot.  (Pl.'s Dep. 6:24-7:4.)  This caused plaintiff to lose his balance and fall, striking his head, left wrist, left arm, and left knee. (<u>Id.</u> at 7:5-16.)

Pursuant to the requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, on November 13, 2013, plaintiff filed an administrative claim for his injuries with the USPS, which was formally denied on July 22, 2014.  On June 24, 2014, plaintiff instituted this action.[2]  The complaint alleges that USPS employees were negligent in placing the flower pot on the sidewalk in the area by the post office door, and that this negligence proximately caused plaintiff's personal injuries.  (Compl. ¶ 6-8.)  Plaintiff filed an original action

---

[1]The flower pot in question was used as a container for spent cigarettes; on the record it is referred to both as a flower pot and as a "butt can." For the purposes of this motion, the object plaintiff tripped on will be referred to as "the flower pot" or "the pot."

[2]Although 28 U.S.C. § 2675(a) requires that the appropriate federal agency deny a claimant's administrative claim before such a claimant can institute an action against the United States, the claimant can proceed as if the agency denied the claim where, as here, the agency has not made final disposition within six months of the filing of the claim

in this court, which is vested with subject matter jurisdiction
inasmuch as plaintiff seeks to recover damages for an alleged
tort of the employees of a federal agency.  28 U.S.C.
1346(b)(1).

        Defendant seeks judgment as a matter of law based on
the argument that the flower pot in front of the post office
door was an open and obvious hazard, and that landowners are not
liable for injuries caused by such a hazard.  (Def.'s Mem. Law
Supp. Mot. Summ. J. 1.)  Plaintiff responds that material issues
of fact still exist regarding (1) the location of the flower pot
at the time of the injury and (2) plaintiff's actual knowledge
of the flower pot's location at the time of injury.  (Pl.'s
Resp. Opp'n to Def.'s Mot. Summ. J. 2.)  Defendant replies that
it has accepted plaintiff's alleged location of the pot, and
that plaintiff's lack of actual knowledge is not material to the
open and obvious analysis.  (Def.'s Reply 2-3.)


                                II.


A.   The Governing Standard

        A party is entitled to summary judgment "if the
pleadings, the discovery and disclosure materials on file, and
any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing—"that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at

4

248.  Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute.  Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.  Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

B.  Federal Tort Claims Act Negligence Claim

Liability of the United States in FTCA actions is governed by the substantive law of the state where the act or omission giving rise to the suit occurred.  Myrick v. United States, 723 F.2d 1158, 1159 (1983).  Since the injury and

alleged negligence in this case occurred in West Virginia, West Virginia substantive law applies.

Under West Virginia negligence law, a plaintiff must show that (1) defendant owed plaintiff a duty of care, (2) defendant breached that duty, and (3) the breach proximately caused plaintiff's injury.  Senkus v. Moore, 207 W. Va. 659, 662, 535 S.E.2d 724, 727 (2000); Atkinson v. Harman, 151 W. Va. 1025, 1031, 158 S.E.2d 169, 173 (1967).  For premises liability negligence cases in West Virginia, landowners or possessors owe any non-trespassers "the duty of reasonable care to have and keep [the] premises in safe condition." Sesler v. Rolfe Coal & Coke Co., 51 W. Va. 318, 41 S.E. 216 (1902); see also Syl. pt. 4, Mallet v. Pickens, 206 W. Va. 145, 522 S.E.2d 436 (1999) (abolishing the distinction between invitees and licensees in West Virginia).  In interpreting this duty, the Supreme Court of Appeals of West Virginia in Burdette v. Burdette approvingly quoted treatise law:

> In 65 C.J.S. Negligence § 50, the text contains this language: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers." In 38 Am.Jur., Negligence, § 97, the principle is expressed in these terms: "There is no liability for injuries from

6

> dangers that are obvious, reasonably apparent, or as well
> known to the person injured as they are to the owner or
> occupant."

147 W.Va. 131, 318, 127 S.E.2d 249, 252 (1962).[3]  In later

decisions, the Supreme Court of Appeals of West Virginia cited

to this passage of Burdette as establishing that defendant

landowners have no duty to protect plaintiffs against open and

obvious dangers.  Estate of Helmick v. Martin, 192 W. Va. 501,

505, 453 S.E.2d 335, 339 (1994); McDonald v. Univ. of W. Va. Bd.

of Tr., 191 W. Va. 179, 182, 444 S.E.2d 57, 60 (1994).

Explaining the doctrine in the context of slip-and-fall cases,

the McDonald court explained:

> [A]n owner of business premises is not legally responsible
> for every fall which occurs on his premises. He is only
> liable if he allows some hidden, unnatural condition to
> exist which precipitates the fall. He is not responsible if
> some small characteristic, commonly known to be a part of
> the nature of the premises, precipitates the fall.

191 W. Va. 179, 182, 444 S.E.2d 57, 60.

The "open and obvious" doctrine was briefly abrogated

and subsumed into considerations of comparative fault by the

Supreme Court of Appeals of West Virginia in Hersh v. E-T.

Enterprises, Ltd. Partnership, 232 W. Va. 305, 318, 752 S.E.2d

336, 349 (2013), but was restored to its previous understanding

---

[3]Inasmuch as Syllabus Point 4 of Mallet v. Pickens, 206 W.
Va. 145, 522 S.E.2d 436 (1999) abolished the distinction between
invitees and licensees in West Virginia, it is unnecessary to
decide whether plaintiff would have qualified as an invitee as
understood by the Burdette court.

by the West Virginia Legislature on February 18, 2015.  W. Va.
Code § 55-7-28.  Both parties acknowledge the restoration of the
doctrine and treat it as applicable.  (Def.'s Mem. Law Supp.
Mot. Summ. J. 4; Pl.'s Resp Opp'n to Def.'s Mot. Summ. J. 1, 2.)
Accordingly, the court will treat the "open and obvious"
doctrine as applicable law in this case.

        Plaintiff alleges that defendant was negligent in
placing a flower pot in the walkway in front of the post office
door, and that this negligence caused his injury.  (Compl. ¶¶ 6-
7.)  While defendant unquestionably owed plaintiff, a customer,
a reasonable duty of care, plaintiff must show that defendant
breached that duty by establishing that he was injured on
defendant's premises by a non-obvious hazard.  And so, to avoid
summary judgment, the plaintiff must show some evidence to
establish that a dispute exists as to a material fact.  However,
plaintiff's response to defendant's motion for summary judgment
does not address the open and obvious nature of the flower pot.[4]
Instead, plaintiff argues that a dispute of fact remains as to

_____

        [4]In addition to his assertions regarding the location of the
pot, plaintiff attached to his response one page of USPS
guidelines that include the phrase "[k]eep aisles, passageways,
stairways, exits, and all other walking areas free from
obstructions at all times."  (Pl.'s Resp. Ex 1.)  Plaintiff
briefly notes this attachment in his response but asserts no
related arguments. To the extent this is an attempt to show
prima facie negligence through defendant's violation of a
statute or regulation, it is insufficient.

the actual location of the flower pot.  That contention is without merit, inasmuch as defendant accepts as true the location shown in plaintiff's pictures.  (Def.'s Mot. Summ. J. Ex. 6, Def.'s Reply 2.)

Plaintiff also argues that an issue of fact remains as to plaintiff's actual knowledge of the flower pot's location. While a plaintiff's actual knowledge of it suffices to qualify the hazard as open and obvious, it is not required.  For a hazard to be outside a defendant's duty of care to non-trespassers, it must be "open, obvious, reasonably apparent *or* as well known to the person injured as [it is] to the owner or occupant."  W. Va. Code § 55-7-28 (emphasis added); <u>see</u> <u>Burdette</u>, 147 W.Va. at 318, 127 S.E.2d at 252; <u>see also</u> <u>Senkus</u>, 207 W. Va. at 661-62, 535 S.E.2d at 726-27 (2000) (affirming summary judgment for the defendant where a patron of a veterinary office passed by a scale upon entering the office and thus should have been aware of it when she tripped on it while exiting).  Plaintiff acknowledges that he passed the flower pot on his way into the post office only about twenty minutes before he fell on it.[5]  (Pl.'s Resp. 3.)

------

[5]Plaintiff does not argue that post office employees moved the pot to its location outside the door while he was in the building conducting his business.  When asked about that possibility, he testified "surely I would have noticed, because it's wide open right there."  (Pl.'s Dep. 29:12-15.)

Plaintiff's deposition testimony and his pictures of the flower pot's location show that even if he lacked actual knowledge of the flower pot on the day of his accident, there is no evidence disputing that the pot's location was obvious or reasonably apparent.  Though plaintiff claims he was unaware of the pot's exact location on the day of the incident, he admits that he knew the pot was usually in the area in front of the building, and that he had even used it to dispose of cigarette remains.  (Pl.'s Dep. 13:7-14:22.)  Plaintiff makes no claim that anything was obstructing his view of the pot when he entered the building.

Viewing the record in the light most favorable to plaintiff, there is no issue of material fact with respect to the open and obvious nature of the flower pot.  Even assuming, arguendo, that a flower pot used as a receptacle for cigarettes constitutes a hazard, it was one that was in plain view of plaintiff as he entered the post office, and within his duty to discover and avoid when he left.  Because the flower pot was an open and obvious hazard, there is no evidence in the record that defendant breached a duty owed to plaintiff.

III.


Based upon the foregoing discussion, it is ORDERED
that defendant's motion for summary judgment be, and hereby is,
granted, and this case is dismissed.


The Clerk is directed to transmit copies of this
written opinion and order to all counsel of record and any
unrepresented parties.

DATED:  July 14, 2015

John T. Copenhaver, Jr.
United States District Judge

11